## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**STEVEN CRUMP,**

     **Plaintiff,**

     **v.**                                     **CASE NO.  24-3044-JWL**

**SUMMIT COMPANY, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER

This matter comes before the Court on three motions filed by Plaintiff.  All were filed after the Court ordered the preparation of a *Martinez* Report by the officials in charge of the Johnson County Adult Detention Center ("JCADC").

### 1.  Motion to Reconsider Preliminary Injunction/Partial Summary Judgment and for Sanctions (Doc. 8)

Plaintiff asks the Court to reconsider its denial of partial summary judgment and to require Summit Company to "not intentionally 'lose' or redirect Crump's legal material for any reason." (Doc. 8, at 2.)  He further requests that the Court impose a sanction of $25,000 for the harm Summit has caused and a sanction of $10,000 each time "Crump is not delivered his legal mail with the delivery of commissary to JCADC."  *Id*.  He states that his legal mail went missing or was delayed from March 18 to April 2, 2024, and his legal writing materials have been lost five times in the last five months.  *Id*. at 1-2.   Plaintiff alleges that the commissary worker told him that it is only *his* legal material that goes missing.  *Id*. at 1.

To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor;

and (4) that the injunction is in the public interest.  *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).  "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.,* 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in the future.  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."  *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).  A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries.  One will not be granted against something merely feared as liable to occur at some indefinite time in the future."  *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal.  *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation.  18 U.S.C. § 3626(a)(2).  Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above.  *Little*, 607 F.3d at 1251.  Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they

are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at \*3 (D. Kan. 2011) (citations omitted).

"[B]ecause the purpose of preliminary injunctions is to preserve the relative positions of the parties until trial, they are specifically disfavored if they alter the status quo, are mandatory (as opposed to prohibitory), or afford the movant all the relief that could be recovered after a full trial." *Rudnick v. Raemisch*, 731 F. App'x 753, 755 (10th Cir. 2018) (citing *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005)). "Such disfavored injunctions must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* (quoting *Schrier*, 427 F.3d at 1259).

Here, Plaintiff has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal and has not demonstrated a likelihood of imminent irreparable harm. Plaintiff has not missed deadlines for filing and has been able to file numerous motions in his three lawsuits. For these reasons, the Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted. Moreover, Plaintiff's request for partial summary judgment is premature. Plaintiff has no right to judgment at this time. The Complaint has not yet even survived screening. Thus, Plaintiff's motion is denied.

### 2. Motion to Amend Complaint (Doc. 10)

Plaintiff seeks to consolidate his three pending lawsuits (Case Nos. 24-3036, 24-3044, and 24-3046) under Fed. R. Civ. P. 18 and 20. His request is denied at this time. Each lawsuit is proceeding separately, with *Martinez* Reports ordered in each. Once the reports have been filed and the Court determines which, if any, claims survive screening, the Court may order the consolidation of Plaintiff's claims at that point. The motion is therefore denied without prejudice.

### 3.   Motion for Coercive Injunction and Remedial Sanction (Doc. 11)

Plaintiff states that he realized that the persons investigating and preparing the *Martinez* Report are the persons he is suing.  He believes this is not fair and that they will not conduct an unbiased investigation.  He states that he needs to be updated on the progress of the investigation and the actions being taken so he can add detailed information to assist those doing the investigation.

Plaintiff requests that the Court order the JCADC to update him on May 1, 2024, about the progress of the investigation.  He further asks the Court to impose a $10,000 sanction on the JCADC if they fail to meet the deadline, and he seeks the imposition of a $25,000 sanction if the JCADC fails to file the report by May 11, 2024.

The motion is denied.  The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims."  *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).  "Prisoner *pro se* civil rights complaints concerning their imprisonment cannot always receive the same presumption of merit that attends cases filed by attorneys subject to . . . sanctions."  *Id.*  "District courts order *Martinez* reports to aid in identifying and clarifying the issues pro se plaintiffs raise in their complaints, to assist in the court's broad reading of pro se litigants' pleadings, and to supplement plaintiffs' descriptions of the practices they contend are unconstitutional."  *Jennings v. Yates*, 792 F. App'x 606, 609 (10th Cir. 2019).

Plaintiff is not entitled to participate in the investigation and preparation of the report.  He has presented his version of events in the Complaint.  In addition, he will be given an opportunity to respond to the report if the Court is considering dismissal of any claims after screening.  Then, if the case proceeds, Plaintiff will have a chance to obtain additional information from the defendants through the formal discovery process.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider Preliminary Injunction/Partial Summary Judgment and for Sanctions (Doc. 8) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 10) is **denied** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Coercive Injunction and Remedial Sanction (Doc. 11) is **denied**.

**IT IS SO ORDERED.**

**DATED:  This 8th day of May, 2024, at Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**