IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STEVEN CRUMP,**

    **Plaintiff,**

    v.                                    **CASE NO. 24-3044-JWL**

**SUMMIT COMPANY, et al.,**

    **Defendants.**

**O R D E R**

This matter comes before the Court on Plaintiff's Motion to Seal, Freeze Electronically Stored, Saved Data (Doc. 17). Plaintiff asks the Court to mandate that the Johnson County Sheriff's Office release data to him without charge. He asserts that the Records Department Supervisor admitted that the information he requested is being deleted.

Each party to a lawsuit has a duty to preserve evidence that it knows or should know is relevant to imminent or ongoing litigation. *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 620 (D. Colo. 2007). The duty is triggered by the filing of a lawsuit or when the party has notice that litigation is likely. *Id*. The destruction or loss of evidence can result in sanctions. *Id*. at 620-21. Therefore, an order directing a party to preserve relevant evidence is not necessary, especially where there is no evidence that spoilation is imminent or has occurred. Here, Plaintiff points to a letter from the Records Supervisor stating, "Please note that we will not hold or save records prior to payment, so if there is a delay in payment, some records may no longer be available due to ordinary retention limits or electronic storage limitations." (Doc. 17, at 2.) This appears to be a generalized disclaimer.

Furthermore, the order for the preparation of a *Martinez* Report in this matter provides that "[d]iscovery by Plaintiff shall not commence until Plaintiff has received and reviewed any Court-ordered answer or response to the Complaint." (Doc. 6, at 10.)  Allowing Plaintiff to conduct an open records request to a party defendant would defeat the purpose of the stay.  *See McRoberts v. Rosas*, 2022 WL 1538690, *3 (D. Kan. May 16, 2022) (citing *Smith v. The City of Wellsville, KS, et al.*, 2020 WL 584449, *2 (D. Kan. Feb. 6, 2020)).  "[I]f a stay of discovery is in place, Plaintiff should not be able to pursue what would otherwise be considered discovery through another channel." *Id.*

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Seal, Freeze Electronically Stored, Saved Data (Doc. 17) is **denied**.

**IT IS SO ORDERED.**

**DATED:  This 17th day of May, 2024, at Kansas City, Kansas.**

> **S/   John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**