IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

    **Plaintiff,**

    v.                                        CASE NO. 24-3044-JWL

SUMMIT COMPANY, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff alleges that the defendants denied him and the other inmates in cell block 2A of the Johnson County Adult Detention Center ("JCADC") the ability to purchase pens from February 13, 2024, to March 13, 2024.

After ordering, receiving, and reviewing a *Martinez* Report (Doc. 20) in this case, the Court entered a memorandum and order to show cause ("MOSC") (Doc. 31) directing Plaintiff to show cause why this matter should not be dismissed for failure to state a claim on which relief can be granted. This matter is before the Court on Plaintiff's Response (Doc. 32) to the *Martinez* Report and the MOSC.

The MOSC found that even if there was a "pen ban" that lasted for a month, and even if Plaintiff actually did not have a pen for a month, Plaintiff failed to state a claim for denial of access to the courts because he did not demonstrate or allege actual prejudice to a non-frivolous legal action resulting from the unavailability of pens. (MOSC, Doc. 31, at 5-6.) The MOSC further found that Plaintiff's claims for violation of 42 U.S.C. § 1985 (conspiracy among the defendants), 42 U.S.C. § 1986 (failure to intervene), Fourteenth Amendment substantive due process; and intentional infliction of emotional distress also failed. *Id.* at 6-8.

Plaintiff's Response disagrees with some of the details of the *Martinez* Report. He denies all allegations that any pens were received from February 13, 2024, to March 13, 2024. He states that he "stands on" the conspiracy claim. He does not address the deficiencies with any claim other than denial of access to the courts. As to the crucial question of actual prejudice, Plaintiff explains that he wanted to have his lawsuit filed by March 4, 2024, because the National Commission on Correctional Healthcare ("NCCHC") survey was scheduled to start on March 5. "Crump's lawsuit needed to be filed and returned to him as proof of lawsuit to present to the NCCHC Board by March 4th." (Response, Doc. 32, at 6.) However, Plaintiff does not explain *why* he needed proof of a lawsuit being on file.

As explained in the MOSC, in order to satisfy the actual injury requirement, Plaintiff must show that, by denying him access to writing materials (or access to a law library, which Plaintiff also alleges in his response), prison officials frustrated or impeded his ability to file or litigate a non-frivolous action. *Lewis v. Casey*, 518 U.S. 343, 351, 354-55 (1996). Courts have found that delay in and of itself does not rise to the level of a constitutional deficiency. *Davis v. Goord*, 320 F.3d 346 (2d Cir. 2003); *Johnson v. Barczak*, 338 F.3d 771 (7th Cir. 2003). "[A] delay becomes an injury only if it results in 'actual substantial prejudice to specific litigation.'" *Johnson*, 338 F.3d at 773 (finding delay in filing of over a year is not an actual injury where the prisoner's claims proceeded without impact from the alleged delay); *see also Rueb v. Brown*, 504 F. App'x 720, 723 (10th Cir. 2012) (unpublished) (finding no actual injury where the defendants' tampering delayed the filing of the prisoner's lawsuit by one month, but the delay did not cause the complaint to be filed outside the statute of limitations or otherwise affect the lawsuit). Because Plaintiff alleges nothing more than a delay in the filing of a lawsuit without any actual injury, he fails to state a claim for denial of access to the courts.

In his response to the MOSC, Plaintiff argues that the alleged pen ban resulted in the denial of his First Amendment right to petition the government and his right to participate in an open forum.  He argues that because of the pen ban, he could not submit written grievances to the National Commission on Correctional Healthcare ("NCCHC") inspectors.  As explained in the MOSC, "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."  *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (quoted in *Boyd v. Werholtz,* 443 F. App'x 331, 332 (10th Cir. 2011) (unpublished)).

Plaintiff's open forum argument also fails.  He states, "The NCCHC was developed by the Government to regulate Medical Providers in Government Facilities.  The NCCHC is a Government entity that provides an OPEN FORUM for inmates to not only discuss medical related problems but suggestions on improvements while maintaining inmates' access to express themselves in any way or manor [sic] in accordance with the 1st Amend[ment] Freedom of Speech and Public Access Rights."  (Doc. 32, at 11.)  However, the NCCHC is not a government entity.  According to its website, the NCCHC is a 501(c)(3) organization incorporated in Illinois.  (*See* www.ncchc.org/historical-time-line/.)  Plaintiff provides no support for his assertion that the NCCHC provides an "open" or public forum for inmates to express themselves, and the Court has found none.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons discussed above and in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

**Dated November 15, 2024, in Kansas City, Kansas.**

                                        <u>**S/  John W. Lungstrum**</u>
                                        **JOHN W. LUNGSTRUM**
                                        **UNITED STATES DISTRICT JUDGE**